Luis Alberto NIETO–OBANDO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–71589.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2009.

Filed May 28, 2009.

**384**

Jason J. Jarvis, Esquire, Seyfarth Shaw LLP, Boston, MA, for Petitioner.

Rebecca Ariel Hoffberg, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Esquire, Office of The District Counsel Department of Homeland Security, Las Vegas, NV, for Respondent.

Before: SCHROEDER and REINHARDT, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM **

Luis Alberto Nieto–Obanto petitions for review of the decision of the Board of Appeals ("BIA") adopting and affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ determined that Nieto–Obando was credible but ineligible for asylum because he did not establish that past harm rose to the level of persecution or that he had an objectively reasonable fear of future persecution. The IJ held, however, that if Nieto–Obando had successfully shown eligibility, "there is no negative consideration that would militate against a grant of asylum."

The BIA adopted and affirmed the IJ's asylum decision, and found that Nieto–Obando waived his withholding and CAT relief claims on appeal. The government agreed during oral argument that the IJ has decided all issues relating to asylum, including that Nieto–Obanto would be entitled to the discretionary grant of asylum if he were eligible.

We review for substantial evidence the IJ's factual determination that Nieto–Obando has not established eligibility for asylum. *See Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006). We need not decide whether substantial evidence supported the IJ's determination regarding past persecution, because evidence compels the conclusion that Nieto–Obando has a well-founded fear of future persecution. Nieto–Obando testified that he and his father reported suspected activities by Fuerzas Armadas Revolucionarias de Columbia ("FARC") to the police, which led to the arrest of FARC operatives. Thereafter, the Nietos received two death warrants from FARC specifying them as military targets, as well a death threat over the phone. Nieto–Obando fled Colombia and his father went into hiding. Nieto–Obando had not heard from his father in ten months at the time of his asylum hearing.

The State Department Country Reports in the record show that FARC has committed "hundreds of unlawful killings," and that it has "killed persons it suspected of collaboration with government authorities or paramilitaries." We have held that death threats made by groups with the will and the ability to carry them out compels a finding of a well-founded fear of persecution. *See, e.g., Marcos v. Gonzales,* 410 F.3d 1112, 1119 (9th Cir.2005); *Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000).

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the ,Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moreover, "that none of the threats against [Nieto–Obando] have yet to be carried out does not render [his] fear unreasonable. Threats on one's life, within a context of political and social turmoil or violence, have long been held sufficient to satisfy a petitioner's burden of showing an objective basis for fear of persecution." *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir.2004) (citation omitted).

Evidence in this case compels the conclusion that Nieto–Obando has a well-founded fear of future persecution, making him eligible for asylum. Although we would ordinarily remand for the agency to determine whether to exercise its discretion to grant asylum, there is no need to do so here as the IJ already concluded that he would exercise his discretion favorably if Nieto–Obando were eligible for asylum. We therefore GRANT the petition and REMAND with instructions that the asylum application be granted.[1]

1. Because we hold that Nieto–Obando is entitled to asylum, we do not address his argument that he did not waive his withholding and CAT relief claims on appeal to the BIA.